[No. 26858. Department Two. March 16, 1938.]

CARL JORGENSEN, *Appellant,* v. A. L. JOHNSON *et al., Respondents and Cross-appellants.*[1]

*Trumbull, Severyns & Trumbull,* for appellant.
*James C. McKnight,* for respondents and cross-appellants.

BEALS, J.—Plaintiff, Carl Jorgensen, is the owner of three forty-acre tracts, or government lots, of timber land in Jefferson county, lying along the north line of township 29 north, range 2 west. It is possible that this line of forty-acre subdivisions contains a north and south overrun, the evidence indicating that the township is long, although the extent of the overplus is in doubt.

Plaintiff sued the defendants, alleging that they, without plaintiff's knowledge or consent, cut from his land 817 trees, scaling 475,575 feet, of the value of $1,426.72, to plaintiff's damage, for which he should be awarded treble the amount of the value of the trees, for which amount plaintiff demanded judgment.

Defendants answered, alleging that they owned certain timber lands bordering plaintiff's property on the east, south and west, and that, during the month of September, 1935, defendants were preparing to log their land; that one H. S. Saari, manager of a bank in Port Townsend, informed defendants that the bank owned lot 1, in section 3, township 29 north range 2 west, and offered to sell to defendants the timber located thereon for $1.25 per thousand feet; that, after certain negotiations with the bank, defendants believed that they had purchased the timber, and cut about 125,000 feet thereof, pleading that, if defendants had cut any of plaintiff's timber, the trespass was casual and involuntary; that the cut timber was still upon the land; and that defendants were ready to pay the market value thereof to any person entitled thereto.

The action was tried to the court sitting without a jury, the court finding that plaintiff is the owner of lots 3 and 4 of section 2, and lot 1 of section 3, all in township 29 north, range 2 west; that defendants, without plaintiff's consent, entered upon plaintiff's land and cut and removed 250,000 feet of timber, board measure, belonging to plaintiff, of the value of $312.50; that defendants cut the timber without lawful authority, and with know-

[1]Reported in 77 P. (2d) 374.

ledge that they had cut the same upon land which they did not own. The court concluded that the defendant had been guilty of a wilful trespass, and that plaintiff was entitled to judgment for treble damages, or $937.50, for which amount judgment was rendered in plaintiff's favor. The court granted defendants the right to remove the timber cut. The judgment bears date April 9, 1937, and on the same day, defendants moved for a new trial, which the trial court later denied. Both parties have appealed from the judgment. To avoid confusion, the parties will be referred to as plaintiff and defendants.

Plaintiff assigns error upon the alleged adoption by the trial court of the boundary line of plaintiff's property as contended for by defendants; on the court's finding to the effect that defendants were responsible for cutting no more than 250,000 feet of plaintiff's timber; and in fixing the market value thereof at only $1.25 per thousand feet. Defendants assign error upon the ruling of the trial court trebling the amount which the court fixed as plaintiff's damages, and in finding that defendants had cut more than 204,938 feet of plaintiff's timber; defendants also contending that the trial court erred in overruling their motion for a new trial.

Plaintiff has moved for an order striking defendants' abstract and brief and dismissing defendants' cross-appeal, alleging that the brief and abstract were not served and filed within the time limited by the rule. Plaintiff's motion is without merit, and the same is denied.

The evidence concerning the location of the boundary lines of plaintiff's property is vague and indefinite, plaintiff himself admitting the unsatisfactory nature of the evidence on this branch of the case. By way of excuse, plaintiff alleges, doubtless with entire accuracy, that a more exact survey would cost upwards of two thousand dollars. The matter is complicated by the fact that the north and south lines of township 29 are probably somewhat longer than normal, the extra land, of course, falling within the north tier of forties, among which are the three owned by plaintiff.

Plaintiff assigns error upon some supposed ruling of the trial court adopting the boundary line of plaintiff's property as contended for by defendants, rather than the line which plaintiff contended was the true one. The court simply found that plaintiff owned the property within the government subdivisions above referred to, and that defendants entered thereon and cut 250,000 feet of plaintiff's timber. The findings do not refer to any particular boundary line of the property, and in summing up the case, the court simply said that defendants dealt with the bank, which was only a mortgagee, and that

"I think as to the southerly line of the property that between man and man if there is any dispute about it between them it

was up to them to go and have some disinterested party go with them and agree on the line."

On this phase of the case, plaintiff cites many authorities laying down various rules concerning government surveys, which he contends required the trial court to adopt his theory as to the boundaries. The trial court patiently listened to much evidence on this phase of the case, upon which depend plaintiff's first and second assignments of error. The burden, of course, rested upon plaintiff to prove his contentions, save as to any facts which were admitted by defendants. The evidence is confused, and we are unable to hold that it preponderates against the finding of the trial court as to the amount of plaintiff's timber which defendants wrongfully cut. As to the value of the timber, it appears that the trees were not large, and that on this phase of the case also the evidence is in conflict. It cannot be held that the evidence preponderates against the finding of the trial court fixing $1.25 per thousand feet as the basic measure of plaintiff's damage.

On their cross-appeal, defendants contend that the trial court charged them for something over 40,000 feet of timber in excess of the amount for which they were actually liable. We find no basis for overturning the court's finding on defendants' assignment of error, any more than on plaintiff's.

Defendants also contend that the trial court erred in awarding judgment against them for treble damages, claiming that their trespass was casual and involuntary, and that, considering together Rem. Rev. Stat., §§ 939 and 940 [P. C. §§ 8557, 8558], plaintiff should have been awarded judgment for no more than the market value of the timber.

The trial court was particularly well qualified to pass upon all phases of this case. The court was of the opinion that defendants should be subjected to treble damages, and we find no merit in defendants' argument that on their cross-appeal this ruling of the trial court should be reversed.

We find no basis in the record for reversing the judgment of the trial court on any phase of the case, and the same is affirmed as to all parties. No costs will be allowed in this court.

STEINERT, C. J., MILLARD, BLAKE, and ROBINSON, JJ., concur.